IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 3:23-cv-110 |
| | ) Judge Stephanie Haines |
| DLP CONEMAUGH MEMORIAL | ) |
| MEDICAL CENTER, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION**

**I.      Introduction and Relevant Background**

On April 18, 2023, Plaintiff, Jane Doe, individually and on behalf of others similarly situated ("Doe"), filed a Complaint in civil action in Cambria County Court of Common Pleas (ECF No 1-1) against DLP Conemaugh Memorial Medical Center, LLC ("CMMC") and DLP Conemaugh Physician Practices, LLC ("CPP") (collectively "Defendants"). Doe Amended the Complaint on May 8, 2023 (ECF No. 1-3).[1] Doe filed the class action to address the alleged disclosure of confidential personal information and protected health information to third parties including Meta Platforms. On June 1, 2023, in accordance with 28 U.S.C. §§ 1446, the case was removed to this Federal Court with a Notice of Filing Notice of Removal docketed by Defendants (ECF Nos. 1, 1-4). Defendants stated there is complete diversity of citizenship between Doe and Defendants and the amount in controversy exceeds $75,000, making it proper for consideration by the U.S. Federal District Court. 28 U.S.C. § 1332(a).

**II.     Legal Standard**

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original

---

[1] ECF NO. 1-1 is both the original Complaint and Amended Complaint filed as one document.

1

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…" 28 U.S.C. § 1332(a)(1). Courts have interpreted Section 1332(a) as requiring "complete diversity between parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Removing defendants "carr[y] a heavy burden" of showing that the case is properly before the district court. *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The removal statute is strictly construed, and all doubts are to be resolved in favor of remand to state court. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

### III. Discussion

Defendants' Notice of Removal (ECF No. 1) provides two bases for finding that this case is properly under the jurisdiction of the Federal Court. First, they argue that the Parties in this case are in complete diversity. Second, they assert that the amount of this case considering statutory fees, attorneys' fees, and damages exceeds the $75,000 minimum amount required to be in controversy. Doe disagrees with Defendants' logic and calculations and moved to Remand the case to State Court (ECF No. 36). The Court will address the matters at issue below.

#### 1. Citizenship of Defendant Limited Liability Companies

It is undisputed that Doe is a citizen of the Commonwealth of Pennsylvania. ECF No. 1-1, p. 68, ¶ 27; ECF No. 1, p. 3, ¶ 9. Doe asserts that Defendants are also citizens of the Commonwealth of Pennsylvania. Doe states that CMMC is Delaware limited liability company with its principal place of business at 1086 Franklin Street, Johnstown, Pennsylvania. ECF No. 1-1, p. 68, ¶ 28. She also provides that CPP d/b/a Conemaugh Physician Group – Ob/Gyn is a Delaware limited liability company with its principal place of business at 1111 Franklin Street,

Suite 300, Johnstown, Pennsylvania. ECF No. 1-1, p. 68, ¶ 29. While Defendants agree that CMMC and CPP are Delaware limited liability companies, they state that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of each of its members. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). "[A]s with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Col, Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003)). This inquiry can be complex depending on the structure of the unincorporated entity.

Defendants explain, in this case, there is one sole member of Defendants, DLP Conemaugh Holding Company, LLC which is a Delaware LLC. DLP Conemaugh Holding Company, LLC has two members: DLP Lima Partner, LLC (Delaware LLC) and Duke Quality Network, Inc. ECF No. 1, p. 3, ¶ 12. The sole member of Lima Partner, LLC is Lima Holdco, LLC (Delaware LLC), and the sole member of Lima Holdco, LLC is Lifepoint Health, Inc. ECF No. 1, p. 3, ¶¶ 13, 14. Duke Quality Network, Inc. is a North Carolina nonprofit corporation with a principal place of business in North Carolina and Lifepoint Health, Inc. is a Delaware Corporation with a principal place of business in Brentwood, Tennessee. *Id.* ¶¶ 15, 16. Thus, Defendants, through their parent entities, are citizens of Delaware, North Carolina, and Tennessee for purposes of diversity of jurisdiction. ECF No. 1, p. 4, ¶¶ 17, 18; 28 U.S.C. ¶ 1332(a)(3).

Doe states that although Courts have followed the precedent that citizenship of unincorporated associations must be traced through its members, "[t]here is no good reason to treat LLCs differently from the corporations for diversity-of-citizenship purposes." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111 (3d Cir. 2015) (J. Ambro concurrence). The reasoning

cited by Doe is that LLCs in most respects are similar to corporations and that any difference between the two types of entities have no bearing on citizenship. *See id.*; ECF No. 37, p. 15. To further bolster this rationale, Doe states that Congress enacted the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) to correct the all-membership interpretation as it relates to class action scenarios. ECF No. 37, p. 16. The reasoning is that many companies are nationwide companies and if they are to be deemed citizens of every state in which they have customers consequently they can never be completely diverse or even minimally diverse in any state. ECF No. 37, p. 16 (quoting S. Rep. No. 109-14, at 45-46 (internal citations omitted)). Thus, courts interpreting diversity-of-citizenship under CAFA hold that LLCs are treated as citizens of the state of their principal place of business and where they are organized. ECF No. 37, p. 16. Under this rationale, both Doe and Defendants have citizenship in Pennsylvania and thus there is no diversity jurisdiction.

This Court's decision is bound by Third Circuit precedent so it must find in favor of complete diversity in this case. Even *Lincoln Ben. Life Co. v. AEI Life, LLC*, Doe's "supporting" case, follows Third Circuit precedent.

> But unlike corporations, unincorporated associations such as partnerships 'are not considered 'citizens' as that term is used in the diversity statute.' *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990). Instead, 'the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members.' *Zambelli Fireworks Mfg. Col, Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The state of organization and the principal place of business of an unincorporated association are legally irrelevant. *See Carden*, 494 U.S. at 192; *Johnson v. SimthKline Beecham, Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). 'Accordingly, the citizenship of an LLC is determined by the citizenship of its members.' *Zambelli*, 592 F.3d at 420; *see also Johnson*, 724 F.3d at 348. For complete diversity to exist, all of the LLC's members 'must be diverse from all parties on the opposing side.' *Swiger*, 540 F.3d at 185.

*Lincoln Ben. Life Co.*, 800 F.3d 99, 104–05 (3d Cir. 2015) (internal citations altered).

Here we have a series of limited liability companies all of which are Delaware LLCs. Duke Quality Network, Inc. a member of DLP Conemaugh Holding Company, LLC, is a North Carolina nonprofit with principal place of business in North Carolina. Finally, the sole member of Lima Holdco, LLC is Lifepoint Health, Inc., a Delaware Corporation with a principal place of business in Brentwood, Tennessee. The sum of all these entities equates to citizenship in Delaware, North Carolina, and Tennessee. But Defendants have no contacts in Pennsylvania because the principal place of business of the Defendant LLCs, CMMC, and CCP is not considered for diversity jurisdiction. Thus, there is complete diversity of citizenship. Next the Court considers whether the threshold amount of $75,000 is met to satisfy removal to the Federal District Court.

2. **Amount in Controversy**

The Amended Complaint seeks actual damages, compensatory damages, statutory damages, and statutory penalties pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq.* ("UTPPL") and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S.A. §§ 5701, *et seq.* ("WESCA"). ECF No. 1-1, p. 107. The amount in controversy also includes attorneys' fees. ECF No. 1-1, p. 107; ECF No. 1, p. 5. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). While the Parties agree on damages considered in valuing the amount in controversy, they disagree on how to calculate the value. Doe says that Defendants have artificially inflated attorneys' fees and have not carried their burden to show the amount in controversy meets the jurisdictional threshold. Defendants argue their reasoned calculations are sound.

Courts typically determine the amount in controversy by looking at the sum demanded in the original Complaint. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014); 28 U.S.C. §1446(c)(2). But here Doe has not asserted a sum certain for any of her damages

claimed. Therefore, the Court must next look to the amount asserted in the Notice of Removal. *See Dart,* 574 U.S. at 84.; 28 U.S.C. § 1446(c)(2)(A). If the amount put forth in the Removal is contested the Court must view the pleadings and must determine a reasonable reading of the value of the rights being litigated. *See Angus v. Shiley, Inc.* 989 F.2d 142, 146 (3d Cir. 1993). If "the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Rossi v. Neumayr,* No. 3:20-CV-00844, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020)[2] (quoting *Dorley v. Save-a-Lot,* No. 16-CV-04510, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016)). "[T]he court must determine by a preponderance of the evidence whether the amount in controversy requirement has been satisfied." *Rossi,* 2020 WL 6710428, at *2.

### a. Attorneys' Fees

Defendants contend that in this case attorneys' fees alone would exceed the minimum amount required for diversity jurisdiction. Defendants calculated the attorneys' fees by using the average hourly rates of the law firms involved in this case[3] as well as the average hourly attorney rates in Pittsburgh from a 2022 statistical survey. ECF No. 1, p. 6, ¶ 26. Then they looked at the 2013 National Center for State Courts published study on the costs of litigation, completed through trial,[4] and found that the average attorney and paralegal hours for a range of six basic types of

---

[2] In *Rossi* the Court found defendants did not meet their burden to establish the amount in controversy exceeds $75,000. It found that the Plaintiffs demand "in excess of $50,000 'proves nothing about the actual amount in controversy'" and that speculative arguments that punitive damages "could easily exceed $25,000 are generally insufficient to establish subject matter jurisdiction. *Id.*

[3] Saltz Mongeluzzi & Bendesky, P.C. ($450-$585), Cohen & Malad, LLP ($575-$675), and Stranch, Jennings & Garvey, PLLC ($675-$770). The law firm of Turke & Strauss, LLP is not included in Defendants pleading.

[4] Defendants calculated through trial given that a jury trial was demanded by Doe. Doe objects to a calculation that includes trial hours because only 0.7% of cases brought in U.S. District Court reach trial. It is proper for the Court to consider potential maximum values. *See e.g., Papurello v. State Farm Fire & Cas. Co.,* 144 F. Supp. 3d 746 (W.D. Pa. 2015) (accounting for punitive damages as possibly four to five times the claimed compensatory damages when determining the amount in controversy for diversity jurisdiction.)

cases was from 196 hours to 472 hours with a mean of 318.5 hours. ECF No. 1, p. 6, ¶ 27. After accounting for the hourly rate for different levels of attorneys and the time likely spent on a case by each level of attorney, Defendants came to an estimated total of $125,584 in attorneys' fees in this case. *Id.* at 7-8.

Doe states that Defendants calculated amount of $125,584 in attorneys' fees is improper for two reasons. First, there is no reasonable certainty for that amount, and second, Defendants improperly aggregated the fees across the class members to artificially inflate the amount in fees recoverable by Doe, herself. ECF No. 37, p. 10. Doe further asserts using statistical studies to calculate fees has no relation to the specific facts of this case to garner a reasonable estimate of potential fees. In addition, Doe states that Defendants may not aggregate all potential attorneys' fees from all potential class members to calculate the amount in controversy. "[P]arties cannot meet the jurisdictional amount by aggregating the claims for attorneys' fees by the lead plaintiff and the other unnamed class members…." *Miller v. Washington Trotting Ass'n, LLC*, No. CV 17-231, 2017 WL 1179013, at *6 (W.D. Pa. Mar. 30, 2017). Diversity based on excessive claims for attorneys' fees should be scrutinized carefully. *See, e.g., Flail v. Travelers Companies*, No. CIV.A. 98-1254, 1998 WL 709296, at *3 (E.D. Pa. Oct. 6, 1998); *see also Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In general, the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy.").

Doe asserts that the class in this case is uncertain for now, but upon reasonable belief and knowledge, there are hundreds or thousands of individuals whose private information could have been improperly accessed. ECF No. 37, p. 13. If one uses the $125,584 value and prorates it across 500 class members, attorneys' fees per plaintiff is $251.17. *Id.* This amount, even taken along with statutory fees and damages falls below the threshold $75,000 for diversity jurisdiction.

7

Defendants counter saying a proration of the calculated $125,584 is wholly inappropriate because the values used to calculate attorneys' fees were based on the average individual action using an average of the attorneys hourly rates from the law firms involved, therefore, it would be accurate for Doe's individual portion of the class action and a proration would overcorrect the value. ECF No. 40, pp. 15-16. Thus, attorneys' fees estimated by Defendants were not in the aggregate.

Next Doe states that the tables upon which Defendants base their calculations are not typically used for such calculations and do not provide a solid basis for speculation in this case. Instead, Doe asserts that only reasonable attorneys' fees should be considered, and that to calculate reasonable attorneys' fees, the Third Circuit takes "thirty percent of the judgment." ECF No. 37, p 11 (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). However, Does has provided no reasonable estimation of a judgment amount.

### b. Damages

Defendants assert that Doe's claim under WESCA increases the amount in controversy. Under WESCA a successful plaintiff may recover "$100 a day for each day of violation, or $1000, whichever is higher." 18 PA Cons. Stat. § 5725(a)(1). If Doe alleges two years of violations under WESCA, the amount in controversy in this case is increased by $100 a day times two years at 365 days a year, which amounts to $73,000. In addition, UTPCPL grants successful plaintiffs a recovery of "actual damages or one hundred ($100) dollars, whichever is greater" along with costs and attorneys' fees. 73 P.S. § 201-9.2.

Doe contends that the amount asserted by Defendants is speculative and divorced from the allegations in the Amended Complaint. But it cannot be denied that claims are brought under WESCA, thereby, calling into consideration damages under the statute. Still, Doe asserts that the use of two years to calculate damages under the statute was arbitrary and that she only used

Conemaugh's website (where her personal information was potentially improperly disseminated) beginning on April 23, 2023. ECF No. 37, p. 14. Defendants later established, by Declaration of Jim Vint (ECF No. 40-1), the Managing Director of Secretariat Advisors, LLC[5] that the Facebook Pixel was not on the Conemaugh webpage until July 30, 2021. This discovery reduced the days of exposure of personal information to 626 (from July 30, 2021, to the day this civil action was filed), thereby reducing statutory damages to $62,600. ECF No. 40, p. 17.

Finally, Doe seeks three years of credit monitoring services, which can range from $20-$30 per month according to the websites for TransUnion, Experian, and Equifax, Inc. ECF No. 1, p. 8, ¶ 33. Defendants calculated the price for three years of credit monitoring would be between $718 and $1,078. *Id.* The Parties have not provided any further estimation of damages and the Court cannot discern actual or compensatory damages at this stage of litigation.

Given the lack of any value of damages in Plaintiffs' Amended Complaint or Remand Pleadings, the Court must defer to reasonable estimations of the Defendants for the amount in controversy in a contested removal action. The Court finds Defendants resources and the calculation of attorneys' fees of $125,584, the estimation of WESCA statutory damages of $62,600, and the $718 amount for credit monitoring reasonable. The Court takes note that these values do not account for other potential statutory or compensatory damages claimed in this case. The Court finds that Defendants have satisfied their burden by a preponderance of the evidence that the amount in controversy is satisfied.

---

[5] Secretariat Advisors, LLC was engaged by Defendants to provide technical analysis of Defendants' website.

### IV. Conclusion

Having found that diversity of citizenship exists between Plaintiff and Defendants and having found that the amount in controversy meets the threshold $75,000, Plaintiff's Motion to Remand to State Court (ECF No. 36) will be DENIED.

An appropriate Order will be entered.

Dated:  September 15, 2023

Stephanie L. Haines
United States District Judge